# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**HUSSEIN MOHD MAHD,**

    **Petitioner,**

    v.        **Case No. 17-CV-851**

**DEL RIVERO,**

    **Respondent.**

## ORDER

Petitioner Hussein Mohd Mahd states he is a Jordanian citizen and has been a lawful permanent resident in the United States since 1994. (ECF No. 4.) He was taken into the custody of Immigration and Customs Enforcement in June of 2015 after he completed a sentence imposed following his conviction for certain crimes. (ECF No. 4.) On March 7, 2016, an immigration judge ordered him removed from the United States. (ECF No. 4-1 at 2.) On November 21, 2016, the Board of Immigration Appeals dismissed his appeal and ordered him removed. (ECF No. 4-1 at 2.) However, he was not removed and remains in custody. Therefore, on June 19, 2017, he filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking the court to order his release from immigration custody.

Accompanying his petition is a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) Based on the information contained in his financial declaration, the court finds that the petitioner lacks the financial resources to pay the filing fee. Therefore, the court will grant his motion.

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ a habeas corpus under 28 U.S.C. § 2241 and must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Ordinarily, an alien ordered removed from the United States is removed within 90 days and remains in custody until removed. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). If the alien is not removed within 90 days, the government may continue to detain the alien. 8 U.S.C. § 1231(a)(6). However, immigration authorities may not indefinitely detain a person ordered removed. *Zadvydas*, 533 U.S. at 701. The Supreme Court has stated that an alien may be detained only for that period of time reasonably necessary to bring about his removal from the United States. *Id*. at 689. Six months is presumptively reasonable. *Id.* at 701. If the alien remains in custody for six months beyond when he was ordered removed, he may seek release by providing "good reason

to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* "[T]he Government must respond with evidence sufficient to rebut that showing." *Id.*

It has been over 16 months since an immigration judge initially ordered the petitioner removed and nearly eight months since the Board of Immigration Appeals dismissed his appeal. Yet he remains in custody. Thus, in light of *Zadvydas*, the court is unable to say that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Accordingly, the court must order the respondent to show cause why the writ of habeas corpus should not be granted.

Finally, the petitioner identified "Del Rivero" as the respondent in this action. The petition does not further identify this person or explain his or her relationship to the proceedings. "Pursuant to federal habeas statute, the proper respondent to a habeas petition is the person who has custody over the Petitioner." *Levario-Garcia v. Prim*, 2017 U.S. Dist. LEXIS 46849, *4 (N.D. Ill. Mar. 29, 2017) (citing 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). "The Seventh Circuit has made clear that in the immigration context, the warden where the alien is detained pending removal is the proper custodian for habeas purposes, and not other federal actors." *Id.* (citing *Kholyavskiy v. Achim*, 443 F.3d 946, 953-54 (7th Cir. 2006)).

The petitioner states he is detained at the Kenosha County Detention Center. The official in charge of this facility is the sheriff of Kenosha County, David G. Beth. The Clerk shall update the caption to name David G. Beth as the respondent.

**IT IS THEREFORE ORDERED** that petitioner Hussein Mohd Mahd's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that no later than **August 25, 2017,** the respondent shall show cause why the petition for a writ of habeas corpus should not be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of the petition and this order upon the respondent, David G. Beth.

Dated at Milwaukee, Wisconsin this 13th day of July, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge